20-54
*Flannigan v. Graham*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of December, two thousand twenty.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> GERARD E. LYNCH,
> JOSEPH F. BIANCO
> *Circuit Judges*.

_____

SUSAN FLANNIGAN,

> *Plaintiff-Counter-Defendant-Appellee*,

> v.                                                                              20-54

FORD F. GRAHAM,

> *Defendant-Counter-Claimant-Appellant*,

VULCAN POWER GROUP, LLC, AJAX CAPITAL, LLC,
VULCAN CAPITAL, LLC.

> *Defendants-Counter-Claimants,*

KEVIN C. DAVIS,

> *Defendant*.

_____

1

For Defendant-Appellant:        CHRISTOPHER GEORGE OLSEN (Maged W. Hanna, *on the brief*), Schwartz, Hanna & Olsen, P.C., Metuchen, N.J.

For Plaintiff-Appellee:         MARC A. STADTMAUER, Stadtmauer & Associates, New York, N.Y.

Appeal from a judgment of the United States District Court for the Southern District of New York (Preska, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the appeal is **DISMISSED.**

Ford F. Graham appeals from an order of the Southern District of New York (Preska, *J.*), issued on December 9, 2019, and docketed on January 8, 2020, denying his motion for release from incarceration.   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This appeal is moot, and so we lack jurisdiction to decide it.   *See White River Amusement Pub, Inc. v. Town of Hartford*, 481 F.3d 163, 167 (2d Cir. 2007).   "A case becomes moot — and therefore no longer a 'Case' or 'Controversy' for purposes of Article III [of the Constitution] — 'when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'"   *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (quoting *Murphy v. Hunt*, 455 U.S. 478, 481 (1982)).   Here, Graham challenges the district court's denial of his emergency motion for release from incarceration.   However, after he took this appeal, the district court ordered Graham released pursuant to a stipulated accord.   This subsequent order mooted Graham's appeal by granting him the relief he sought.   *See Chairs v. Burgess*, 143 F.3d 1432, 1435 n.3 (11th Cir. 1998) (holding that a contemnor's release from incarceration moots a challenge to that sanction).

2

Graham argues that a live controversy exists because the district court, as a condition of releasing him, required him to reside within 100 miles of the courthouse. This is of no moment. For one thing, Graham does not appeal the order granting his conditional release; he appeals only the prior order denying his motion for release. As a consequence, his subsequent release means that he has already obtained the relief denied by the appealed order. For another, Graham agreed to the restriction on his residence, having proposed a similar condition in his motion for release, and so may not be heard to complain of it. In any event, neither the court nor the plaintiff has sought to enforce this condition, even though Graham has spent significant time outside of the area specified in the order due to the COVID-19 pandemic. Graham also presses that the release order's requirement that he "cooperate with continuing discovery demands," Joint App'x at 96, violates the Bankruptcy Code's automatic stay. *See* 11 U.S.C. § 362. However, Graham conceded that he is not subject to any active discovery orders, and that efforts to collect the judgment in this case have properly shifted to the bankruptcy court.

For these reasons, there is not a live dispute for us to adjudicate. If the district court enters an order that in Graham's view is improper, he may pursue a remedy then.

\*     \*     \*

We have considered Graham's remaining arguments and find them to be without merit. Accordingly, we **DISMISS** the appeal.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3